IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-238

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| PARKER ANTRON COLEMAN (1) ) | |

**THIS MATTER** is before the Court upon motion of the defendant to suppress evidence based on alleged unconstitutional searches of an apartment and a vehicle, (Doc. No. 447), and the government's response, (Doc. No. 452). For the reasons detailed below, the Court will deny the motion.

I. BACKGROUND

The defendant is charged with drug trafficking and money laundering conspiracies and firearms offenses related to an alleged scheme to distribute more than 1,000 kilograms of marijuana. (Doc. No. 152: Third Superseding Indictment). Some of the evidence in the case resulted from the execution of a search warrant on November 2, 2010, at 5425 Closeburn Road, Unit 115, in Charlotte, North Carolina, an apartment leased to co-defendant Stephanie Peppers. Also, two firearms were found on November 16, 2010, in a Porsche Cayenne driven by co-defendant Gerren Darty, on which a GPS tracking device had been placed. The defendant claims that the affidavit supporting the search warrant lacked facts to establish probable cause to search the apartment and that the warrantless tracking of the vehicle was unconstitutional. (Doc. No. 447: Motion at 1, 3).

II.	DISCUSSION

	A.	Evidentiary Hearing

The first issue raised by the defendant involves review of the sufficiency of the affidavit presented to obtain the search warrant for the apartment; therefore, a hearing is not necessary. Additionally, the defendant has alleged no facts that would establish a legitimate expectation of privacy in the vehicle or a possessory interest over it at the time of the search; thus, he is not entitled to a hearing on the second issue. United States v. Espinoza-Seanez, 862 F.2d 526, 536 (5th Cir. 1989) (to warrant a hearing, defendant must allege facts that, if true, would entitle him to relief) (cited in United States v. Smith, 927 F.2d 598, 1991 WL 29043, at *3 (4th Cir. 1991) (unpublished decision).

	B.	Search of Residence

A North Carolina magistrate issued the search warrant in this case. (Doc. No. 447: Exhibit 1). Such a judicial officer's determination of probable cause is given "great deference" by reviewing courts. Illinois v. Gates, 462 U.S. 213, 236 (1983). Thus, the role of this Court is to "consider whether the known facts and circumstances were sufficient such that a reasonable person could conclude that the described evidence would be found in a particular place." United States v. Henry, 673 F.3d 285, 290 (4th Cir. 2012). The probable cause standard calls for a common sense determination of "whether there is a fair probability that evidence of a crime will be found" based on the facts and circumstances as a whole. Id.

Here, the affidavit, (Doc. No. 447: Exhibit 1), reflects that a confidential source identified the defendant in October 2010 as a trafficker of large amounts of marijuana in the Charlotte area. The source indicated that the defendant resided in a first floor apartment at the end of the Southgate Condominium building, located at the corner of Tyvola and Park Roads. The source

further described the vehicles the defendant drove as a white Porsche Cayenne with white rims and also a silver Infiniti.

The affiant, who is a Charlotte-Mecklenburg Police officer, and a federal Customs agent corroborated that information with surveillance on October 29, 2010. The affiant observed the defendant driving a silver Infiniti with a North Carolina tag. The Customs agent saw him enter the condominium building at 5425 Closeburn Road, the location described by the confidential source.

On November 2, 2010, the affiant and other law enforcement agents were again conducting surveillance at 5425 Closeburn Road. They observed a man driving a Chevrolet Tahoe park and enter the building carrying a bag of food. He exited a short time later carrying a dark colored roller suitcase. After he drove away, a police officer stopped the Tahoe and immediately smelled marijuana inside. The driver, Jerry Davis, admitted picking up the suitcase containing approximately 30 pounds of marijuana from the defendant at Unit 115, 5425 Closeburn Road. Davis said the had picked up marijuana from Parker at that location over three dozen times and that he saw more marijuana inside the residence that day.

The defendant complains that the officers did not confirm the information given by Davis prior to obtaining a search warrant that same day. (Doc. No. 447: Motion at 5). However, the officer's earlier surveillance, just four days before, and the independent information from the confidential source sufficiently corroborated Davis's admissions. The defendant also claims that Davis's statement about seeing more marijuana that day was reckless and false when measured against the small amount of marijuana found during the search. (Id.). The fact that the officers

did not find large amounts of marijuana does not establish that Davis was lying.[1] Additionally, other details in his statement were corroborated by the officers' own investigation, and the defendant has made no showing that the affiant knew the information was false when he presented it to the magistrate.

Taken together, the facts presented to the magistrate amply supported the finding that there was a fair probability that evidence of a crime would be found at the defendant's residence. Therefore, the defendant's motion to suppress evidence found during the execution of the search warrant will be denied.

    C.    Search of Vehicle

On November 4, 2010, law enforcement agents placed a GPS tracking device on a Porsche Cayenne. (Doc. No. 452: Response at 4). On January 23, 2012, the Supreme Court ruled that law enforcement agents "searched" a vehicle when they attached a GPS tracker to it. United States v. Jones, 132 S. Ct. 945, 949. The defendant asserts that placement of the tracking device in this case resulted in an unconstitutional seizure of two firearms on November 16, 2010. (Doc. No. 447: Motion at 3).

Before a defendant may contest a search, he must establish a reasonable expectation of privacy in the place searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978). In Jones, the Court affirmed that a person with a possessory interest over a thing may also challenge its search. 132 S. Ct. at 952. Here, the defendant only claims that he had permission to drive the Porsche, not that he owned it or had possession of it when the GPS tracking device was attached. (Doc. No. 447: Motion at 6). Additionally, he admits that another co-defendant was driving the vehicle when it

---

[1] The affidavit states "he had observed more marijuana inside the residence that day," and the officers located .6 grams. (Doc. No. 447: Exhibit 1).

was allegedly located with information from the device and subsequently searched. (Id.). Thus, the defendant has failed to allege facts that would show a possessory interest over the vehicle when police attached the device or that would show a privacy interest in the vehicle at the time data was collected using the device. See United States v. Hernandez, 647 F.3d 216, 220 (5th Cir. 2011) (defendant lacked standing to challenge placement of GPS device on his brother's truck, but had standing to challenge use of GPS device while he was driving it). Significantly, the defendant has not presented any legal authority for the proposition that, as authorized driver of the car in the past, that he retained a future expectation of privacy that society would recognize as legitimate when he was no longer in possession of it.[2] Therefore, the defendant's motion to suppress evidence found in the Porsche will be denied.

III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 447) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] In fact, courts have held that a defendant who previously drove a vehicle lacks a legitimate expectation of privacy in the vehicle when he is not the owner or in possession or control of it at the time of the search. See e.g. United States v. Glasgow, 658 F.2d 1036, 1044 (5th Cir. 1981); United States v. Acosta, 807 F. Supp. 1154, 1265 (N.D. Ga. 2011).

5