IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CR-00238-RJC-DSC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| PARKER ANTRON COLEMAN (1) | ) |
| | ) |

**THIS MATTER** is before the Court on the defendant's motion for the return of seized property, pursuant to Fed. R. Crim. 41(g), (Doc. No. 759), and the government's response, (Doc. No. 760).

The defendant seeks the return of $45,260 in currency named in a forfeiture allegation in the indictment and photographs seized by law enforcement on July 12, 2010. (Doc. No. 152: Third Superseding Indictment at 6). The defendant contends that state troopers unlawfully searched his vehicle and that forfeiture did not occur within the five year statute of limitations. (Doc. No. 759: Motion at 2, 5). However, the government provided notice on July 17, 2012, that assets listed in the Third Superseding Indictment were administratively forfeited by the investigative agency. (Doc. No. 466).

The government has the authority to pursue administrative forfeiture of property worth less than $500,000 otherwise subject to criminal forfeiture in judicial proceedings. United States v. Minor, 228 F.3d 352, 354 (4th Cir. 2000); 19 U.S.C. § 1602 et seq.; 21 U.S.C. § 881(d). Under the Fifth Amendment to the United States Constitution, a court may entertain an equitable action to ensure that the government did not fail to provide adequate notice of an administrative forfeiture. Minor, 228 F.3d at 356. A court may not, however, consider the merits of a

claimant's challenge to forfeiture. Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005); 18 U.S.C. § 983(e).

Here, the defendant has not alleged that the government failed to comply with the notice requirements of administrative forfeiture; rather, he seeks return of the property under Fed. R. Crim. P. 41(g). However, § 983(e) provides the exclusive means to challenge a non-judicial forfeiture, and limits the Court's consideration to whether notice requirements were met. Mesa Valderrama, 417 F.3d at 1195. Therefore, the Court is without authority to consider his claim for the return of the currency.[1]

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 759), is **DENIED**.

Signed: January 13, 2017

Robert J. Conrad, Jr.
United States District Judge

---

[1] Additionally, the Court ordered the forfeiture of all items seized during the investigation in its Judgment, and the defendant did not appeal that ruling. (Doc. No. 635: Judgment at 5; Doc. No. 673: Unpublished Opinion of the United States Court of Appeals for the Fourth Circuit).